AUSA: Patrick R. Moroney

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **23 MAG 7282** |
| UNITED STATES OF AMERICA<br><br>v.<br><br>PLINIO SANCHEZ,<br>  a/k/a "SAMIL SANCHEZ,"<br><br>Defendant. | **COMPLAINT**<br><br>Violations of 18 U.S.C. §§ 1951, 924(c)(1)(A)(iii), and 2<br><br>COUNTY OF OFFENSE:<br>NEW YORK |

SOUTHERN DISTRICT OF NEW YORK, ss.:

      THOMAS NAPOLITANO, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD") and a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and charges as follows:

### COUNT ONE
### (Conspiracy to Commit Hobbs Act Robbery)

      1.    On or about October 31, 2023, in the Southern District of New York and elsewhere, PLINIO SANCHEZ, a/k/a "Samil Sanchez," the defendant, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, SANCHEZ conspired with others to commit an armed robbery of a tobacco and smoke products store located on Christopher Street in New York, New York (the "Store").

(Title 18, United States Code, Section 1951.)

### COUNT TWO
### (Hobbs Act Robbery)

      2.    On or about October 31, 2023, in the Southern District of New York and elsewhere, PLINIO SANCHEZ, a/k/a "Samil Sanchez," the defendant, knowingly committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit, SANCHEZ committed an armed robbery of the Store with another individual.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE
### (Firearms Offense)

3. On or about October 31, 2023, in the Southern District of New York and elsewhere, PLINIO SANCHEZ, a/k/a "Samil Sanchez," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the Hobbs Act robbery charged in Count Two of this Complaint, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), and (iii), and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

4. I am a Detective with the NYPD and a Task Force Officer with the ATF, and I have been personally involved in the investigation of the charges described above. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with other law enforcement officers, and my examination of reports, video, and other records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my review of an interview of an employee of the Store ("Employee-1") conducted by another member of the NYPD ("Detective-1"), as well as my conversations with Detective-1, I have learned the following:

   a. Employee-1 reported that, on the evening of October 31, 2023, Employee-1 and a second employee ("Employee-2") were assisting a customer when two masked individuals (the "Perpetrators") entered the Store. One of the individuals ("Perpetrator-1") was wearing a red hat and a blue jacket with a large gator on the back. As Perpetrator-1 walked up to the Store's counter, Perpetrator-1 displayed a gun, racked the slide, and told Employee-1, in substance, "give me everything."

   b. Employee-1 handed Perpetrator-1 a designer bracelet that Employee-1 was wearing. The second individual ("Perpetrator-2"), who was wearing a black t-shirt and black hat, grabbed items from a display case behind the counter; Employee-1 later determined that Perpetrator-2 took five boxes of "Air Bar" nicotine vape cartridges. Employee-1 recalled hearing a gunshot and saw Perpetrator-1 and Perpetrator-2 flee the Store.

   c. When Perpetrator-1 was speaking to Employee-1, Perpetrator-1 lowered his mask. Employee-1 recognized Perpetrator-1 as an individual who, although not an employee of the Store, sometimes hung out in the vicinity of the Store and who was occasionally paid to help sweep the Store.

   d. Detective-1 reported that another member of the NYPD subsequently showed Employee-1 six photographs, one of which was of PLINIO SANCHEZ, a/k/a "Samil Sanchez," the defendant. Employee-1 identified SANCHEZ as Perpetrator-1, that is, the individual wearing the gator jacket.

2

6. I have also reviewed video surveillance from the Store from the evening of October 31, 2023. That video surveillance shows the following:

a. At approximately 10:50 p.m. that evening, two individuals (whom I believe to be Employee-1 and Employee-2) were standing behind the Store's counter, speaking to a third individual (whom I believe to be the Store's customer). An individual wearing a red hat and blue jacket with a gator on the back (whom I believe to be PLINIO SANCHEZ, a/k/a "Samil Sanchez," the defendant) entered the Store, accompanied by an individual in a black t-shirt and black hat (Perpetrator-2).

b. SANCHEZ and Perpetrator-2 walked behind the counter as SANCHEZ displayed a firearm and pointed it directly at Employee-1. While SANCHEZ was pointing the gun at Employee-1, Perpetrator-2 grabbed products from the display case behind the counter and appeared to put them in his pockets. SANCHEZ then approached Employee-2 and appeared to strike Employee-2 in the head with the hand holding the gun.

c. While SANCHEZ and Perpetrator-2 were focused on Employee-1 and Employee-2, the customer began to walk out of the Store. SANCHEZ turned to follow the customer and attempted to grab the customer, but, apparently expecting that there was another opening on the far end of the counter to exit, was inadvertently boxed in behind the counter. Instead of continuing to pursue the customer, SANCHEZ appeared to fire his gun in the direction of the customer's legs as the customer walked out of the Store, as shown in still images below:

 

d. SANCHEZ then returned to Employee-1, whose arm was held by Perpetrator-2 as Perpetrator-2 attempted to remove Employee-1's bracelet. SANCHEZ then pulled Employee-1's arm, causing Employee-1 to stumble forward. Employee-1 then removed the bracelet and Perpetrator-2 took the bracelet from Employee-1's hand. The Perpetrators then exited from behind the counter and walked out of the store.

7. Based on my review of NYPD records, I know that members of the NYPD who responded to the Store recovered one spent shell casing and one bullet fragment from the Store's floor board.

8. Based on my review of publicly available information, I have learned that the company that manufacturers "Air Bar" vape cartridges is located in China.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of PLINIO SANCHEZ, a/k/a "Samil Sanchez," the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

THOMAS NAPOLITANO
Detective, NYPD
Task Force Officer, ATF

Sworn to before me this 21st day of November, 2023.

THE HONORABLE BARBARA C. MOSES
United States Magistrate Judge
Southern District of New York